UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**

APR **1 3** 2021

**U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|        ) | |
|     Plaintiff,    ) | |
|        ) | |
| v.         ) | CAUSE NO. 1:20-cr-00094-TWP-TAB |
|        ) | |
| JOSEPH CHASE WINKLE,    ) | -01 |
|   a/k/a "Chase Winkle",   ) | |
| JEREMY GIBSON,      ) | -02 |
| JOSEPH KREJSA, and    ) | -03 |
| COREY POSEY,      ) | -04 |
|        ) | |
|     Defendants.    ) | |

**SUPERSEDING INDICTMENT**

THE GRAND JURY CHARGES:

**INTRODUCTION**

At times relevant to this Indictment:

1.  Defendants JOSEPH CHASE WINKLE, a/k/a "Chase Winkle," JEREMY GIBSON, and COREY POSEY were employed as officers of the Muncie Police Department ("MPD").

2.  Defendant JOSEPH KREJSA was employed as a sergeant of MPD.

**COUNT 1**
**Deprivation of Rights Under Color of Law**
**18 U.S.C. § 242**

3.  On or about August 9, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JOSEPH CHASE WINKLE,** a/k/a "Chase Winkle," while acting under color of law as an officer for the Muncie Police Department, willfully deprived arrestee L.G. of

1

the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizures, which includes the right to be free from a law enforcement officer's use of unreasonable force during an arrest.  Specifically, WINKLE, without legal justification, used his knee to strike L.G.'s head and neck area and used a taser on L.G.  The commission of this offense involved the use of a dangerous weapon (taser) and resulted in bodily injury to L.G.

All of which is a violation of Title 18 United States Code, Section 242.

## COUNT 2
### Deprivation of Rights Under Color of Law
### 18 U.S.C. § 242

4.      On or about August 9, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JEREMY GIBSON,** while acting under color of law as an officer for the Muncie Police Department, willfully deprived arrestee L.G. of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizures, which includes the right to be free from a law enforcement officer's use of unreasonable force during an arrest.  Specifically, GIBSON, without legal justification, stomped on and used knee strikes against L.G.'s head.  The commission of this offense involved a dangerous weapon (shod foot) and resulted in bodily injury to L.G.

All of which is a violation of Title 18 United States Code, Section 242.

## COUNT 3
### False Report
### 18 U.S.C. § 1519

5.      On or about August 9, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JOSEPH CHASE WINKLE,** a/k/a "Chase Winkle," acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made a false entry in a record and document,

2

with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Defendant WINKLE wrote a narrative report as part of, and checked certain "Officer Responses" on, his Muncie Police Department Response to Resistance Form regarding the arrest of L.G. That form and narrative report were false in that they: (1) stated that after L.G. said something to Officer Corey Posey, Defendant WINKLE "attempted to place my knee on [L.G.'s] upper back to control his movement;" (2) implied that any force used by WINKLE against L.G. was necessary to effectuate the arrest of L.G. and to ensure officer safety; (3) omitted any reference to the fact that WINKLE struck L.G.'s head and neck area with his knee; (4) implied that the highest level of force used by WINKLE against L.G. was the use of a taser; and (5) omitted that WINKLE's uses of force caused serious injuries to L.G. The form and narrative report were false because, as WINKLE then well knew: (1) after L.G. said something to Officer Corey Posey, Defendant WINKLE intentionally used his knee to strike L.G.'s head and neck area and did not "attempt to place [his] knee on [L.G.'s] upper back to control his movement;" (2) WINKLE's uses of force against L.G. were not necessary to effectuate the arrest of L.G. and to ensure officer safety; (3) WINKLE's knee struck L.G.'s head and neck area; (4) WINKLE's uses of force included force that rose to the level of deadly force; and (5) WINKLE's uses of force caused serious injuries to L.G.

All of which is a violation of Title 18, United States Code, Section 1519.

## COUNT 4
### False Report
### 18 U.S.C. § 1519

7.    On or about August 9, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **COREY POSEY,** acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made a false entry in a record and document, with the intent to impede,

3

obstruct, and influence the investigation and proper administration of that matter. Specifically, Defendant POSEY wrote a narrative report as part of his Muncie Police Department Response to Resistance Form regarding the arrest of L.G. That narrative report is false in that it: (1) implied that, at the start of the incident, L.G. did not comply with officer commands, including commands to put his hands on his head and to get down on the ground; (2) implied that POSEY had to force L.G. to get down on his knees; (3) stated that WINKLE "placed his knee down on [L.G.]'s shoulder to lay him down on the ground and attempt to gain compliance for handcuffing"; (4) omitted any reference to the fact that WINKLE struck L.G.'s head and neck area with his knee; and (5) omitted any reference to the fact that WINKLE's use of force caused serious injuries to L.G. The narrative report is false because, as POSEY then well knew: (1) at the start of the incident, L.G. complied with officer commands, including commands to put his hands on his head and to get down on the ground; (2) POSEY did not need to force L.G. to get down on his knees; (3) Defendant WINKLE did not "plac[e] his knee down on [L.G.]'s shoulder to lay him down on the ground and attempt to gain compliance for handcuffing"; (4) WINKLE struck L.G.'s head and neck area with his knee; and (5) WINKLE's use of force caused serious injuries to L.G.

All of which is a violation of Title 18, United States Code, Section 1519.

## COUNT 5
### False Report
### 18 U.S.C. § 1519

6.  On or about between August 13 and 14, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JOSEPH KREJSA,** acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made a false entry in a record and document, with the intent to impede, obstruct, and influence the investigation and proper administration of that matter.

4

Specifically, Defendant KREJSA wrote and submitted to his superiors a memorandum titled "Review of Response to Resistance Involving [L.G.] and Officers Posey, Winkle, Gibson, and [J.J.]," that falsely described the arrest of L.G. on August 9, 2018, and asserted, in sum and substance, that officers escalated to higher levels of force only after exhausting lower levels of force. That memorandum written by KREJSA was false in that it: (1) implied that any force used against L.G. was justified to ensure officer safety and to effectuate L.G.'s arrest; (2) asserted that officers used only low levels of force, such as empty hand controls, near the start of the incident; (3) asserted that officers escalated to higher levels of force only after lower levels of force were used and were ineffective; (4) stated that WINKLE "kneeled on [L.G.]'s left shoulder and upper body"; and (5) implied that WINKLE's uses of force against L.G. caused only facial cuts to L.G.'s face. This memorandum was false because, as KREJSA then well knew: (1) force used against L.G. was not justified; (2) WINKLE actually used a high level of force, including deadly force, near the start of the incident; (3) WINKLE actually used a high level of force, including deadly force, before lower levels of force were used; (4) WINKLE used his knee to strike L.G.'s head and neck area and did not "knee[l] on [L.G.'s] left shoulder and upper body;" and (5) WINKLE's uses of force against L.G. caused serious bodily injury to L.G.

All of which is a violation of Title 18, United States Code, Section 1519.

## COUNT 6
### Deprivation of Rights Under Color of Law
### 18 U.S.C. § 242

8. On or about June 5, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JOSEPH CHASE WINKLE,** a/k/a "Chase Winkle," while acting under color of law as an officer for the Muncie Police Department, willfully deprived arrestee N.B. of the right, secured and protected by the Constitution and laws of the United States, to be free from

5

unreasonable seizures, which includes the right to be free from a law enforcement officer's use of unreasonable force during an arrest. Specifically, WINKLE, without legal justification, kicked and used hand strikes against N.B. The commission of this offense involved the use of a dangerous weapon (shod foot) and resulted in bodily injury to N.B.

All of which is a violation of Title 18 United States Code, Section 242.

## COUNT 7
### False Report
### 18 U.S.C. § 1519

9.      On or about June 5, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JOSEPH CHASE WINKLE,** acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made a false entry in a record and document, with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, WINKLE wrote identical narrative reports as part of his Muncie Police Department Response to Resistance Forms regarding the arrests of N.B. and R.F., that asserted, in sum in substance, that WINKLE's force against N.B. was justified to ensure officer safety and to effectuate N.B.'s arrest, and that omitted any mention that WINKLE struck R.F. in the head. These narrative reports were false in that they: (1) stated that when WINKLE approached N.B., N.B. was "laying on the ground with his arms under his body"; (2) implied that WINKLE kicked N.B. in the head accidentally; (3) stated that WINKLE kicked N.B. "in an attempt to get his arms from under his body"; (4) stated that WINKLE "used closed hand strikes to [N.B's] upper body to gain compliance and get his arms from under his body"; (5) omitted that when WINKLE ordered R.F. to show his hands to WINKLE, R.F. complied by showing his hands; and (6) omitted that after R.F. was on his knees and about to be handcuffed, WINKLE struck R.F. in the head. Those statements and omissions were false because, as WINKLE

6

then well knew, (1) N.B. was lying on the ground with his arms extended and not under his body; (2) WINKLE intentionally kicked N.B. in the head; (3) WINKLE did not kick N.B. in an attempt to get N.B.'s arms from under his body; (4) WINKLE actually used closed hand strikes to N.B.'s head and did not do so to gain compliance and to get his arms from under his body; (5) R.F. complied with WINKLE's orders to show his hands; and (6) WINKLE struck R.F. in the head.

All of which is a violation of Title 18, United States Code, Section 1519.

## COUNT 8
### False Report
### 18 U.S.C. § 1519

10. On or about between June 5 and 15, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JOSEPH KREJSA,** acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made a false entry in a record and document, with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, KREJSA wrote comments on WINKLE's Muncie Police Department Response to Resistance Form regarding the arrest of N.B., and on WINKLE's Muncie Police Department Response to Resistance Form regarding the arrest of R.F., that asserted, in sum and substance, that a different MPD sergeant had reviewed and approved of WINKLE's uses of force against N.B. and R.F. and that WINKLE's uses of force against N.B. were justified. KREJSA's comments were false in that they: (1) asserted that WINKLE's uses of force against N.B. complied with MPD's use of force policy; (2) implied that the different sergeant had made the determination that WINKLE's uses of force against N.B. complied with MPD's use of force policy; (3) omitted any mention of the fact that KREJSA had written the comment "within policy" on WINKLE's Muncie Police Department Response to Resistance Form regarding the arrest of N.B.; (4) implied that the different sergeant also reviewed WINKLE's uses of

7

force against R.F.; and (5) implied that the different sergeant also had concluded that WINKLE's uses of force against R.F. complied with MPD's use of force policy. These statements were false because, as KREJSA then well knew: (1) WINKLE's uses of force against N.B. did not comply with MPD's use of force policy; (2) the different sergeant had not determined that WINKLE's uses of force against N.B. complied with MPD policy; (3) KREJSA, not the different sergeant, had actually written the comment "within policy" on WINKLE's Muncie Police Department Response to Resistance Form regarding the arrest of N.B.; (4) the different sergeant had not reviewed WINKLE's uses of force against R.F.; and (5) the different sergeant had not concluded that WINKLE's uses of force against R.F. complied with MPD's use of force policy.

All of which is a violation of Title 18, United States Code, Section 1519.

## COUNT 9
### Deprivation of Rights Under Color of Law
### 18 U.S.C. § 242

11.     On or about March 27, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JOSEPH CHASE WINKLE,** a/k/a "Chase Winkle", while acting under color of law as an officer for the Muncie Police Department, willfully deprived arrestee I.P. of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizures, which includes the right to be free from a law enforcement officer's use of unreasonable force during an arrest. Specifically, WINKLE, without legal justification, kicked I.P. and knocked I.P. unconscious. The commission of this offense involved the use of a dangerous weapon (shod foot) and resulted in bodily injury to I.P.

All of which is a violation of Title 18 United States Code, Section 242.

8

## COUNT 10
**False Report**
**18 U.S.C. § 1519**

12.     On or about March 27, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JOSEPH CHASE WINKLE,** a/k/a "Chase Winkle",  acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made a false entry in a record and document, with the intent to impede, obstruct, and influence the investigation and proper administration of that matter.   Specifically, WINKLE wrote a narrative report as part of WINKLE's Muncie Police Department Response to Resistance Form and the Muncie Police Department Case Report regarding the arrest of I.P., that asserted, in sum in substance, that WINKLE kicked I.P. two times in order to gain compliance and to effectuate I.P.'s arrest.  The narrative report is false in that it: (1) stated that after giving I.P. verbal commands to get on the ground, WINKLE kicked I.P. the first time because I.P. "continued walking towards me with closed fists"; (2) omitted any mention that I.P.'s hands were open; (3) omitted any mention that I.P. began moving down to the ground before WINKLE kicked him; (4) implied that WINKLE kicked I.P. in the face because I.P. intentionally began to try to get back up after the first kick; and (5) omitted any mention that WINKLE's use of force knocked I.P. unconscious.  These statements are false because, as WINKLE then well knew, (1) I.P. did not continue walking towards WINKLE with closed fists; (2) I.P.'s hands were open; (3) I.P. began moving down to the ground before WINKLE kicked him; (4) I.P. did not intentionally begin to try to get back up after the first kick; and (5) WINKLE's use of force knocked I.P. unconscious.

All of which is a violation of Title 18, United States Code, Section 1519.

9

## COUNT 11
**False Report**
**18 U.S.C. § 1519**

13.     On or about May 22, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JOSEPH CHASE WINKLE,** a/k/a "Chase Winkle", acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made a false entry in a record and document, with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Defendant WINKLE knowingly wrote a narrative report as part of his Muncie Police Department Response to Resistance Form and the Case Report regarding the arrest of D.E. that was false in that it omitted any mention of the fact that, after D.E. had been handcuffed, WINKLE struck D.E. and used a pain compliance technique on him.

All of which is a violation of Title 18, United States Code, Section 1519.

## COUNT 12
**Deprivation of Rights Under Color of Law**
**18 U.S.C. § 242**

14.     On or about February 17, 2019, in Delaware County, in the Southern District of Indiana, the defendant, **JOSEPH CHASE WINKLE,** a/k/a "Chase Winkle", while acting under color of law as an officer for the Muncie Police Department, willfully deprived arrestee B.B. of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizures, which includes the right to be free from a law enforcement officer's use of unreasonable force during an arrest. Specifically, WINKLE, without legal justification, punched B.B. in the face and used knee strikes against B.B. The commission of this offense resulted in bodily injury to B.B.

All of which is a violation of Title 18 United States Code, Section 242.

## COUNT 13
### False Report
### 18 U.S.C. § 1519

15.     On or about February 17, 2019, in Delaware County, in the Southern District of Indiana, the defendant, **JOSEPH CHASE WINKLE,** a/k/a "Chase Winkle", acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made a false entry in a record and document, with the intent to impede, obstruct, and influence the investigation and proper administration of that matter.  Specifically, Defendant WINKLE wrote a narrative report as part of his Muncie Police Department Response to Resistance Form regarding the arrest of B.B. that was false in that it: (1) asserted that any force used by WINKLE against B.B. was justified to ensure officer safety and effectuate the arrest; (2) asserted that WINKLE punched B.B. in the face because B.B. appeared to be getting ready to punch at WINKLE and another officer; and (3) omitted any mention of the fact that, after B.B. was handcuffed, WINKLE administered knee strikes to B.B.  This narrative report was false because, as WINKLE then well knew: (1) the force used by WINKLE against B.B. was not justified; (2) B.B. did not appear to be getting ready to punch at WINKLE and another officer; and (3) after B.B. was handcuffed, WINKLE administered knee strikes to B.B.

All of which is a violation of Title 18, United States Code, Section 1519.

## COUNT 14
### Deprivation of Rights Under Color of Law
### 18 U.S.C. §§ 242 and 2

16.     On or about May 13, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JOSEPH CHASE WINKLE,** a/k/a "Chase Winkle," while acting under color of law as an officer for the Muncie Police Department, and aided and abetted by JEREMY GIBSON, willfully deprived arrestee E.M. of the right, secured and protected by the Constitution and laws

11

of the United States, to be free from unreasonable seizures, which includes the right to be free from a law enforcement officer's use of unreasonable force during an arrest. Specifically, WINKLE, without legal justification, used hand strikes and knee strikes against E.M.'s head area. The commission of this offense resulted in bodily injury to E.M.

All of which is a violation of Title 18 United States Code, Sections 242 and 2.

## COUNT 15
### Deprivation of Rights Under Color of Law
### 18 U.S.C. §§ 242 and 2

17. On or about May 13, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JEREMY GIBSON,** while acting under color of law as an officer for the Muncie Police Department, and aided and abetted by JOSEPH CHASE WINKLE, a/k/a "Chase Winkle", willfully deprived arrestee E.M. of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizures, which includes the right to be free from a law enforcement officer's use of unreasonable force during an arrest. Specifically, GIBSON, without legal justification, used hand strikes and knee strikes against E.M.'s head area. The commission of this offense resulted in bodily injury to E.M.

All of which is a violation of Title 18 United States Code, Sections 242 and 2.

## COUNT 16
### False Report
### 18 U.S.C. § 1519

18. On or about May 13, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JOSEPH CHASE WINKLE,** a/k/a "Chase Winkle," acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made a false entry in a record and document, with the intent to impede, obstruct, and influence the investigation and proper administration of that matter.

12

Specifically, WINKLE wrote a narrative report as part of his Muncie Police Department Response to Resistance Form regarding the arrest of E.M. That narrative report was false in that it: (1) implied that any force used by WINKLE against E.M. was necessary to effectuate the arrest of E.M. and to ensure officer safety; and (2) omitted any reference to the fact that WINKLE used hand strikes and knee strikes against E.M. The narrative report was false because, as WINKLE then well knew: (1) WINKLE's uses of force against E.M. were not necessary to effectuate the arrest of E.M. and to ensure officer safety; and (2) WINKLE used hand strikes and knee strikes against E.M.

All of which is a violation of Title 18, United States Code, Section 1519.

### COUNT 17
### False Report
### 18 U.S.C. § 1519

19.     On or about May 13, 2018, in Delaware County, in the Southern District of Indiana, the defendant, **JEREMY GIBSON,** acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made a false entry in a record and document, with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, GIBSON wrote a narrative report as part of his Muncie Police Department Response to Resistance Form regarding the arrest of E.M. That narrative report was false in that it: (1) implied that GIBSON began to take E.M. to the ground because E.M. did not comply with a verbal command to get to the ground; (2) implied that GIBSON used only a low level of force (i.e., a mandibular angle pressure point) on E.M. towards the end of the incident; and (3) omitted that GIBSON used knee strikes to E.M.'s facial and head area towards the end of the incident. The narrative report was false because, as GIBSON then well knew: (1) GIBSON began taking E.M. to the ground before any officer told E.M. to get to the ground; (2) GIBSON used a high level of force (i.e., knee strikes to the head) and did not only use a low level of

13

force on E.M. towards the end of the incident; and (3) GIBSON used knee strikes to E.M.'s facial and

head area towards the end of the incident.

All of which is a violation of Title 18, United States Code, Section 1519.



JOHN E. CHILDRESS
ACTING UNITED STATES ATTORNEY

By: Nicholas J. Linder
Assistant United States Attorney


PAMELA S. KARLAN
PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL

By: Katherine G. DeVar
Trial Attorney
Department of Justice

By: Mary J. Hahn
Trial Attorney
Department of Justice

14